Martin, Executor, *v.* Drake and Husband.

---

## WILLIAM H. MARTIN, Executor, *v.* ESTHER DRAKE and her Husband.

A wife not separated in property from her husband, cannot bind herself jointly with him, either as drawer or endorser of a note, for a debt contracted on account of the community during the marriage.

A note drawn by a wife not separated in property, to the order of her husband, and endorsed by him, is void; the latter cannot enforce its payment, nor transfer by endorsement any right to a third person to enforce it.

THIS case was tried before a jury in the District Court of the First District, *Buchanan,* J. The plaintiff sues as the testamentary executor of Arthur Mann.

MORPHY, J. The defendants have appealed from a judgment condemning them, *in solido,* to pay $600, on a note drawn by Esther Drake, to the order of, and endorsed by David Drake, her husband. The petition contains the usual averments of demand, protest, and notice to the endorser. The defendants admitted their

signatures, but alleged that the note sued on was given in part payment of a slave, which slave was afflicted, at the time of the sale, with an incurable redhibitory disease, well known to the vendor, Arthur Mann, when he sold the slave to them.

The record does not show, nor is it pretended that Esther Drake was separated in property from her husband, that the purchase was for her individual account and benefit, or that her husband endorsed the note only as her surety, to pay a debt of her own. Under the pleadings, we are bound to presume that the purchase was made, and the note given, on account of the community; if so, the wife cannot bind herself jointly with her husband for a debt contracted during the marriage, either as drawer or endorser of a note. Civ. Code, arts. 2412, 2371, 2372. If the defence set up by the answer is left out of view, the note sued on is evidence of a debt contracted by the wife towards her husband. If such a contract be void, as can hardly be doubted, the husband, who could not enforce it himself, has not, by his endorsement, transferred to plaintiff any such right.

On the merits of the case, so far as the husband is concerned, he has failed to support his defence below by any evidence. The appeal was clearly taken by him for the purpose of delay.

It is therefore ordered that the judgment of the District Court be reversed as relates to Esther Drake, and affirmed as to her co-defendant, David Drake, with ten per cent damages and costs.

*Roselius,* for the plaintiff. No counsel appeared for the appellants.